UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | | |
|---|---|---|
| RICHARD WAGNER, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE RELIEF:** |
| | ) | |
| CONCOURSE HOTEL, INC., | ) | |
| | ) | **1ST CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disability Act of 1990 ("Title III" and "ADA"), 42 U.S.C. §§ 12181, *et seq*. |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | **2ND CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of Wis. Stat. §106.52. |
| | ) | |
| | ) | |
| | ) | |
| | ) | **3RD CAUSE OF ACTION:** For Violation of Wisconsin Safe Place Statute (Wis. Stat. §101.11). |
| | ) | |
| | ) | |
| | ) | |
| | ) | **4TH CAUSE OF ACTION**: Negligence and Negligence *Per Se*. |
| | ) | |
| | ) | **5TH CAUSE OF ACTION:** For Deceptive Trade Practices in Violation of Wis. State. §100.18. |
| | ) | |

NOW COMES Plaintiff Richard Wagner, who complains against Defendant Concourse Hotel, Inc., and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff Mr. Wagner is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to

participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Mr. Wagner seeks injunctive relief pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), *et seq*, and Wisconsin law.

2.      Mr. Wagner is a person with physical disabilities who, on or about October 20, 2024, through October 22, 2024, was an invitee, guest, patron, or customer at Defendant's property, which houses The Madison Concourse Hotel and Governor's Club located at 1 West Dayton Street, Madison, WI 53703. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of federal legal requirements, and Mr. Wagner suffered violations of his civil rights to full and equal access and was physically injured, embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.      **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Wisconsin law, whose goals are closely tied with the ADA, including but not limited to violations of Wisconsin Statute §106.52.

4.      **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Madison, County of Dane, State of Wisconsin and that Mr. Wagner's causes of action arose in this district.

**PARTIES:**

5.      Mr. Wagner is a "physically handicapped person," a "physically disabled person,"

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 2

and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) Mr. Wagner is a "person with physical disabilities," as defined by all applicable United States laws. Mr. Wagner requires the use of a wheelchair to travel about in public. Consequently, Mr. Wagner is a member of that portion of the public whose rights are protected.

6. Defendant Concourse Hotel, Inc., a Wisconsin for-profit corporation (alternatively referred to as "Defendant") is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, franchisor and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by The Madison Concourse Hotel and Governor's Club, located at 1 West Dayton Street, Madison, WI 53703 (hereinafter "the business"), and subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*, and to all other legal requirements referred to in this complaint.

7. The business is open to the general public and conducts business therein. The business operating on said premises is a public accommodation.

8. At all times relevant to this complaint, Defendant is the landlord/lessor, tenant/lessee and the owner and operator of the business. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

> **§ 36.201**      **General**
>
> (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the

requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.    Mr. Wagner does not know the true names of Defendant, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Mr. Wagner is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other Defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other Defendants, and is responsible in some manner for the acts and omissions of the other Defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Mr. Wagner may seek leave to amend when the true names, capacities, connections, and responsibilities of Defendant are ascertained.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to) or operates the business. The business and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 4

business to handicapped access requirements.

11. Mr. Wagner is a person with a disability. Mr. Wagner is a "physically disabled person," as defined by all applicable United States laws. Mr. Wagner is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the business as being handicapped accessible and handicapped usable.

13. On or about October 20, 2024, through October 22, 2024, Mr. Wagner was an invitee and guest at the business, arriving for purposes of obtaining lodging. The purpose of Mr. Wagner's visit to the City of Madison was to attend a symposium relating to his employment.

14. Prior to his arrival, Mr. Wagner utilized the hotel's online reservation system and reserved a mobility-accessible guestroom with one king bed and a roll-in shower; he paid $385.27 for his stay.

15. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, Mr. Wagner personally encountered architectural barriers which denied him the full and equal access to the property.

16. Therefore, at said time and place, Mr. Wagner, a person with a disability, encountered inaccessible elements of the business which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, barriers to access were personally encountered by Mr. Wagner within the business' (1) parking and accessible routes, (2) at the front desk, (3) at the elevator entry doors, (4) at the front entrance, (5) at the lobby/area men's public restroom, (5) within guestroom 429, (6) inside

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 5

the pool area, and (7) at the second floor conference area men's public restrooms, and are described more thoroughly as follows:

### Parking and Accessible Routes

a. The absence of signs identifying accessible parking spaces violates the 2010 ADAS 502.6 and the 1991 ADAS 4.6.4, making it difficult for Mr. Wagner to locate designated parking areas.

b. Missing access aisles in marked accessible parking spaces violates the 2010 ADAS 5.02.2 and the 1991 ADAS 4.6.3, preventing Mr. Wagner from safely exiting or entering his vehicle.

c. The lack of "van accessible" signage for designated stalls violates the 2010 ADAS 502.6 and the 1991 ADAS 4.6.4, creating confusion for Mr. Wagner, who requires accessible parking.

d. Accessible parking spaces and access aisles do not connect to the nearest accessible route and violate the 2010 ADAS 502.4.1 and the 1991 ADAS 4.6.3, forcing Mr. Wagner to navigate unsafe or inaccessible paths.

### Access to Goods and Services

e. The registration counter exceeds 36 inches without a lower transaction counter and violates the 2010 ADAS 904.4 and the 1991 ADAS 7.2(1), making it inaccessible for Mr. Wagner to complete transactions.

f. Unsecured floor mats at the front desk violate the 2010 ADAS 302.2 and the 1991 ADAS 4.5.3, posing a tripping hazard and impeding Mr. Wagner's mobility.

g. Unsecured floor mats at the elevator entry doors violate the 2010 ADAS 302.2 and the 1991 ADAS 4.5.3, creating obstacles for Mr. Wagner when entering or exiting

elevators.

h.  Unsecured floor mats at the main entrance violate the 2010 ADAS 302.2 and then 1991 ADAS 4.5.3, hindering safe entry for Mr. Wagner.

i.  Staircases without handrail extensions at the tops and bottoms violate the 2010 ADAS 505.10 and the 1991 ADAS 4.9.4, limiting safe navigation for Mr. Wagner, who may rely on assistance.

**Lobby/Bar Area Men's Public Restroom**

j.  The rear grab bar in the men's restroom does not meet required dimensions under the 2010 ADAS 604.5.2 and then 1991 ADAS 4.26.2, making it unsafe for Mr. Wagner to transfer to the toilet.

k.  The side grab bar at the water closet is too short and improperly positioned, violating the 2010 ADAS 604.5.1 and the 1991 ADAS 4.16.4, and reducing support for Mr. Wagner during transfers.

l.  The toilet compartment lacks required dimensions and clearance, violating the 2010 ADAS 604.3 and 604.3.1 and the 1991 ADAS 4.17.3, and preventing Mr. Wagner from maneuvering within the stall.

**Single King Mobility Accessible Guest Room #429**

m.  The entry door required excessive force to open violating the 2010 ADAS 404.2.9 and the 1991 ADAS 4.13.11, making it difficult for Mr. Wagner to enter the room.

n.  Insufficient maneuvering space on the pull side of the main door violates the 2010 ADAS 404.2.4.1 and the 1991 ADAS 4.13.6, restricting Mr. Wagner's ability to exit the room.

o.  The main door security latch is mounted too high, violating the 2010 ADAS 308.3.1,

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 7

making it inaccessible for Mr. Wagner.

p.  Safety procedures on the entry door were placed too high on the inside of the door, violating the 2010 ADAS 308.3.1 and preventing Mr. Wagner from accessing emergency information.

q.  The drape wands required tight grasping, pinching, or twisting, violating the 2010 ADAS 309.4 and the 1991 ADAS 4.27.4, and making them unusable for Mr. Wagner, who has limited hand mobility.

r.  Insufficient maneuvering clearance existed due to furniture placement, violating the 2010 ADAS 304, and restricting Mr. Wagner's ability to navigate the room.

s.  The clothing iron mounted too high, violating the 2010 ADAS 308.3.1 and the 1991 ADAS 4.2.5, and making it inaccessible for Mr. Wagner.

t.  The rear grab bar in the bathroom was mounted too high, violating the 2010 ADAS 604.5.2 and the 1991 ADAS 4.26.2, and reducing support for Mr. Wagner during transfers.

u.  The side grab bar in the bathroom does not extend the required length, violating the 2010 ADAS 604.5.1 and the 1991 ADAS 4.16.4, and limiting its usability for Mr. Wagner.

v.  The side grab bar at the water closet in the bathroom is mounted too high, violating the 2010 ADAS 604.5.2 and the 1991 ADAS 4.26.2, and making it difficult for Mr. Wagner to use.

w.  The roll-in shower stall does not meet minimum dimensions, violating the 2010 ADAS 608.2.2.1 and the 1991 ADAS 4.21.2, and preventing Mr. Wagner from safely using the shower.

x.  The shower seat is not a folding type, violating the 2010 ADAS 610.3, and making it unsafe for Mr. Wagner.

y.  The shower seat does not extend the required distance from the wall, violating the 2010 ADAS 610.3.1, and reducing its functionality for Mr. Wagner.

z.  Shower controls are not mounted on the back wall within reach, violating the 2010 ADAS 608.5.2 and making them inaccessible for Mr. Wagner.

**Pool Area**

aa. The pool lift is covered during open hours, violating the 2010 ADAS 1009.2, and preventing Mr. Wagner from accessing the pool.

bb. The spa lacks an accessible means of entry, violating the 2010 ADAS 242.4, and excluding Mr. Wagner from using the spa.

cc. Shower controls and sprayers in the pool area roll-in shower are not properly mounted, violating the 2010 ADAS 608.5.2; and making them inaccessible for Mr. Wagner.

dd. The water closet in the pool area men's restroom is too far from the side wall, violating the 2010 ADA 604.2 and the 1991 ADAS 4.16.2, and making transfers unsafe for Mr. Wagner.

ee. The side grab bar at the water closet is too short and improperly positioned, violating the 2010 ADAS 604.5.1 and then 1991 ADAS 4.16.4, and reducing support for Mr. Wagner.

**2nd Floor Conference Area Men's Restroom**

ff. The restroom entry sign is improperly located, violating the 2010 ADAS 703.7.2 and the 1991 ADAS 4.30.6, and making it difficult for Mr. Wagner to locate the restroom.

gg. The restroom entry door lacks accessible pull handles, violating the 2010 ADAS 309.4 and the 1991 ADAS 4.27.4, and making it difficult for Mr. Wagner to open the door.

hh. The toilet compartment door is not self-closing, violating the 2010 ADAS 604.8.1.2 and the 1991 ADAS 4.17.5, and reducing privacy and usability for Mr. Wagner.

ii. The restroom lacks an ambulatory accessible compartment despite having six or more fixtures, violating the 2010 ADAS 213.3.1, and excluding Mr. Wagner from adequate facilities.

**Additional ADA Violations**

jj. Upon information and relief, the other mobility accessible guest rooms are inaccessible to the mobility-disabled in violation of the ADA.

kk. Upon information and belief, the accessible guestrooms are not dispersed among the various classes of sleeping accommodations in violation of the ADA.

ll. Upon information and belief, the vanity counter top spaces provided are not comparable to non-accessible rooms in violation of the ADA.

17. The discriminatory violations described in ¶ 16 are not an exclusive list of the Defendant's violations. Mr. Wagner requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq*, and Wisconsin law.

18. On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

19. Mr. Wagner is "physically handicapped," "physically disabled," or a "person with

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 10

physical disabilities" who was denied his rights to equal access to a public facility by Defendant. Defendant maintained a public establishment without access for persons with physical disabilities as stated herein and continues as of the date of filing this complaint to deny equal access to Mr. Wagner and other persons with physical disabilities in these and other ways.

20. On information and belief, construction and/or alterations carried out by Defendant has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*

21. Mr. Wagner, as described herein below, seeks injunctive relief to require the business to be made accessible to meet the requirements of the Americans with Disabilities Act, so long as Defendant operates and/or leases the business as a public facility.

22. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

23. Because of Defendant's violations, Mr. Wagner and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act. Mr. Wagner seeks an order from this court compelling Defendant to make the business accessible to persons with disabilities.

24. Mr. Wagner is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the business and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 11

the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as Mr. Wagner and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*

25. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the business was in violation of the civil rights of persons with physical disabilities, such as Mr. Wagner, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of Mr. Wagner and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery. Despite being informed of such effect on Mr. Wagner and other persons with physical disabilities due to the lack of accessible facilities, Defendant knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for Mr. Wagner and other persons with physical disabilities to the establishment. Said Defendant has continued such practices, in conscious disregard for the rights of Mr. Wagner

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 12

and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.

26.     Mr. Wagner regularly travels throughout the region and frequently stays in hotels that host conferences and professional events, including hotels in Madison, Wisconsin.

27.     Mr. Wagner intends to return to the Madison Concourse Hotel and Governor's Club in the future to utilize the lodging, conference facilities, and other services offered at the property.

28.     Mr. Wagner travels to Madison, Wisconsin periodically for professional and personal purposes, including attending symposia and events held at the subject hotel.

29.     Mr. Wagner would return to Defendant's hotel if the architectural barriers described herein were removed and the facility were made accessible to individuals with mobility disabilities.

30.     However, Mr. Wagner is currently deterred from returning to the hotel because he has actual knowledge that the facility contains numerous accessibility barriers that prevent him from fully and equally enjoying the goods, services, and accommodations offered there.

31.     The existence of these barriers continues to deter Mr. Wagner from visiting the property and from reserving lodging at the hotel.

32.     Mr. Wagner therefore suffers ongoing injury because he is denied equal access to the Defendant's place of public accommodation and is deterred from returning due to Defendant's continuing violations of the ADA.

33.     Unless Defendant removes the barriers described herein and brings the facility into compliance with the ADA, Mr. Wagner will continue to be deterred from visiting the property.

34.     Mr. Wagner intends to return to the premises both to avail himself of the goods and services offered by Defendant and to verify that the property has been brought into compliance with federal and state accessibility laws.

## I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)

35.     Mr. Wagner pleads and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 34 of this complaint.

36.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

37.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and

to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

38.    As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> ***
> (A) an inn, hotel, motel or other place of lodging ***.

> 42  U.S.C. §12181(7)(A).

39.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

40.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 15

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of Defendant set forth herein were a violation of Mr. Wagner's rights under the ADA, 42. U.S.C. §§ 12181, *et seq.*

41.     On information and belief, construction work on, and modifications of, the business occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA; due to the date of construction, mandatory compliance is required and there is no readily achievable defense.

42.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, Mr. Wagner is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Mr. Wagner cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 16

43.    Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, Mr. Wagner has not returned to Defendant's premises since on or about October 20, 2024, through October 22, 2024, but on information and belief, alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

44.    Mr. Wagner seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Mr. Wagner will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiff prays for relief as hereinafter stated.

## II.    SECOND CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF WISCONSIN STATUTES §106.52.

45.    Mr. Wagner pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 44 of this complaint.

46.    At all times relevant herein, Defendant owned, operated, leased, or controlled a place of public accommodation within the meaning of Wisconsin Statutes §106.52.

47.    Wisconsin Statutes §106.52 prohibits discrimination against any person in the full and equal enjoyment of a public place of accommodation because of disability.

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 17

48.     Defendant's business, The Madison Concourse Hotel and Governor's Club, is a public place of accommodation within the meaning of Wis. Stat. §106.52.

49.     Mr. Wagner is a person with a disability within the meaning of Wisconsin law.

50.     As alleged herein, among other things, Defendant failed to provide accessible facilities, accessible guestrooms, and accessible routes of travel for individuals with disabilities.

51.     Defendant's acts and omissions denied Mr. Wagner the full and equal enjoyment of Defendant's place of public accommodation because of Plaintiff's disability.

52.     Defendant's conduct constitutes unlawful discrimination in violation of Wis. Stat. §106.52.

53.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages including, but not limited to, personal physical injury, humiliation, embarrassment, frustration, inconvenience, and loss of equal access to Defendant's facilities.

## III.     THIRD CAUSE OF ACTION FOR VIOLATION OF WISCONSIN SAFE PLACE STATUTE (WIS. STAT. §101.11).

54.     Mr. Wagner pleads and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 53 of this complaint.

55.     At all times relevant herein, Defendant owned, operated, maintained, managed, or controlled a public building located at 1 West Dayton Street, Madison, Wisconsin 53703.

56.     Said premises constitute a "public building" within the meaning of Wisconsin Statutes §101.01 and §101.11.

57.     Wisconsin's Safe Place Statute, Wis. Stat. §101.11, requires owners and operators of public buildings to construct, repair, and maintain such premises so as to render them safe for frequenters of the premises.

58.     Mr. Wagner was a frequenter of Defendant's premises within the meaning of Wis. Stat. §101.11.

59.     Defendant had a nondelegable duty to maintain its premises in a safe condition for frequenters, including individuals with disabilities.

60.     As alleged herein, Defendant maintained unsafe and inaccessible conditions on the premises, including but not limited to architectural barriers, inaccessible restroom facilities, inaccessible parking, and inaccessible guestroom features.

61.     These conditions rendered the premises unsafe and unusable for Mr. Wagner and other individuals with mobility disabilities.

62.     Defendant knew or should have known of the unsafe conditions but failed to remedy them.

63.     Defendant's violations of the Safe Place Statute were a substantial factor in causing Plaintiff's injuries and damages.

## IV.     FOURTH CAUSE OF ACTION FOR NEGLIGENCE AND NEGLIGENCE *PER SE*

64.     Mr. Wagner pleads and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 63 of this complaint.

65.     Defendant owed Mr. Wagner a duty to exercise reasonable care in the ownership, operation, and maintenance of its premises.

66.     Defendant also owed Mr. Wagner a duty to comply with applicable federal and state accessibility laws and regulations, including but not limited to: (1) the Americans with Disabilities Act, 42 U.S.C. §12101 et seq.; (2) the ADA Accessibility Guidelines (ADAAG); and (3) applicable Wisconsin accessibility and building codes.

67.     Defendant breached its duties by failing to construct, maintain, and operate its

premises in compliance with applicable accessibility laws and standards.

68.    Defendant's violations of accessibility statutes and regulations constitute negligence and/or negligence per se.

69.    As a direct and proximate result of Defendant's negligence, Mr. Wagner was denied safe and equal access to Defendant's premises and suffered damages including personal physical injury, embarrassment, humiliation, frustration, inconvenience, and loss of enjoyment of the premises.

## V.    FIFTH CAUSE OF ACTION FOR DECEPTIVE TRADE PRACTICES IN VIOLATION OF WIS. STAT. §100.18

70.    Mr. Wagner pleads and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 69 of this complaint.

71.    Wisconsin Statutes §100.18 prohibits any person or entity from making untrue, deceptive, or misleading representations to the public in connection with the sale of services.

72.    Defendant advertised and represented to the public that its hotel offered accessible accommodations for individuals with disabilities, including mobility-accessible guestrooms.

73.    Mr. Wagner relied upon Defendant's representations when reserving a mobility-accessible guestroom through Defendant's reservation system.

74.    Defendant's representations were false, deceptive, or misleading because the guestroom and facilities provided to Mr. Wagner were not accessible and did not comply with applicable accessibility requirements.

75.    Defendant either knew, or should have known, that these representations were false or misleading.

76.    Mr. Wagner reasonably relied upon Defendant's representations in selecting and reserving lodging at Defendant's hotel.

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 20

77.     As a direct and proximate result of Defendant's deceptive representations, Mr. Wagner suffered damages including the cost of lodging, loss of the benefit of the bargain, physical personal injury, inconvenience, humiliation, and other damages.

**PRAYER:**

Wherefore, for Counts 1, 2, 3, 4, and 5, Mr. Wagner prays that this court grant relief as follows:

1.     For injunctive relief, compelling Defendant to make the business readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     Award compensatory and punitive damages as permitted by Wisconsin law.

3.     For attorneys' fees, litigation expenses and costs of suit, if Mr. Wagner is deemed the prevailing party; and

4.     For such other and further relief as the court may deem proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff Richard Wagner

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 21